UNITED STATES COURT OF APPEALS FOR THE
FOURTH CIRCUIT

_____

**JOANN HAYSBERT**,

        v.

**OUTBACK STEAKHOUSE
OF FLORIDA, LLC**
_____

Case No. 25-1332

## **APPELLANTS' MOTION TO CORRECT THE CAPTION**

Appellants JoAnn Wright Haysbert ("Dr. Haysbert") and Nazareth M. Haysbert ("Mr. Haysbert") respectfully move the Court to correct the caption in this appeal to identify both Dr. Haysbert and Mr. Haysbert as appellants.

Pursuant to Local Rule 27(a), the undersigned has informed counsel for Outback Steakhouse of Florida, LLC of the intended filing of this motion, who indicated that they do not consent to the granting of this motion.

## **ARGUMENT**

In the proceedings below, Mr. Haysbert served as trial counsel for Dr. Haysbert until the district court revoked his *pro hac vice* admission. An attorney has standing to appeal the revocation of their *pro hac vice* status. *See, e.g.*, *Bulter v. Biocore Med. Tech.*, 348 F.3d 1163, 1166 (10th Cir. 2003) ("Pursuant to 28 U.S.C. § 1291 as limited by Article III, we have jurisdiction to hear appeals from the final orders of district courts, including post-judgment appeals by attorneys of orders

that directly aggrieve them.") (internal quotation marks omitted); *Kirkland v. Nat'l Mortg. Network Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989) (finding that it has jurisdiction to hear an appeal by the defendant and its attorney of an order revoking the attorney's *pro hac vice* admission as part of an appeal from the final judgment); *Johnson v. Trueblood*, 629 F.2d 302, 303 (3d Cir. 1980) (holding that an attorney may appeal the revocation of *pro hac vice* status); *see also Belue v. Leventhal*, 640 F.3d 567, 569 (4th Cir. 2011) (hearing an appeal from three attorneys of the revocation of their *pro hac vice* status).

Federal Rule of Appellate Procedure 3 provides that an appeal is taken by filing a notice of appeal that "specif[ies] the party or parties taking the appeal by naming each one in the caption or body of the notice." Fed. R. App. P. 3(a)(1), (c)(1)(A). "The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318 (1988).

In this case, Dr. Haysbert and Mr. Haysbert filed a notice of appeal specifying each as a party taking the appeal. *See* Exhibit A to Plaintiff's Response to Defendant's Notice of Correction Request to the Caption or Style of the Case and Request for Further Correction (Doc. 11 at p. 3).[1] In other words, both Dr. Haysbert

---

[1] Rule 3 further provides that "[w]hen two or more parties are entitled to appeal from a district-court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal

2

and Mr. Haysbert *already are* appellants under Rule 3, and this motion seeks only the ministerial act of correcting the case caption to reflect that fact.² *Cf. Leonhardt v. Western Sugar Co.,* 160 F. 3d 631, 633-34, 641 (10th Cir. 1998) (granting a motion to amend the caption to include an appellant specified in the notice of appeal); *see also Tchatat v. City of New York*, 795 F. App'x 34 (2d Cir. 2019) (summary order) ("We regularly amend captions . . . to correct the appellate designation of a party.").

Because Dr. Haysbert and Mr. Haysbert have both appealed the district court's judgment, the caption of this case should be corrected to read as follows:

> JoAnn Wright Haysbert and Nazareth M. Haysbert, Appellants, v. Outback Steakhouse of Florida, LLC, Appellee.³

Alternatively, the caption may also be corrected consistent with Local Rule 12(a), which provides that "[i]f the appellant was not a party to the lower court proceeding, the appeal shall be styled 'In re _____, Appellant,' and the

---

as a single appellant." Fed. R. App. P. 3(b)(1). Dr. Haysbert and Mr. Haysbert filed a joint notice of appeal because both have an interest in overturning the revocation of Mr. Haysbert's *pro hac vice* status. *Cf. Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 435, 440 (1985) (referring to the interests of the attorney and the client in an appellate remedy for the attorney's erroneous disqualification).

² Appellants do not consider that, by granting this motion, the Court would be expressing any view as to the merits of Mr. Haysbert's appeal or its jurisdiction thereover, which the parties will be able to fully address in their principal briefs.

³ Appellants have omitted Bloomin' Brands, Inc. for the reasons given in Defendant's Notice of Correction Request for the Caption or Style of this Case (Doc. 10).

3

title of the action in the district court shall also be given." Therefore, the caption may also be corrected to read as follows:

> JoAnn Wright Haysbert, Appellant, v. Outback Steakhouse of Florida, LLC, Appellee; In re Nazareth M. Haysbert, Appellant (JoAnn Wright Haysbert v. Outback Steakhouse of Florida, LLC).[4]

## CONCLUSION

For the foregoing reasons, the caption of this appeal should be corrected to identify both Dr. Haysbert and Mr. Haysbert as appellants.

DATED: May 1, 2025

Respectfully submitted,

/s/ Judah J. Ariel
Judah J. Ariel
ARIEL LAW
751 Fairmont St. NW #3
Washington, DC 20001
(202) 681-3032

*Counsel for Appellants*

---

[4] Given the apparent tension between Rule 3(b)(1) and Local Rule 12(a) in the case of a joint notice of appeal involving an appellant who was not a party to the proceedings below, Appellants take no position as between these two alternate captions or any variation thereof, provided that Dr. Haysbert and Mr. Haysbert are both identified as appellants.

4