IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JOANN WRIGHT HAYSBERT )
)
    Plaintiff/Appellant, )
v. )
)
OUTBACK STEAHOUSE OF ) Appeal No.: 25-1332
FLORIDA, LLC ) (4:24-cv-00087-EWH-RJK)
)
    Defendant/Appellee, )
)
And )
)
BLOOMIN' BRANDS, INC. )
)
    Defendant. )

## APPELLEE'S BRIEF AND OPPOSITION TO APPELLANT'S MOTION TO CORRECT THE CAPTION

COMES NOW, the Defendant/Appellee, Outback Steakhouse of Florida, LLC, by counsel, and hereby submits their Memorandum of Law in Opposition to Appellant's Motion to Correct the Caption, as follows:

### I. Introduction.

Outback objects to the request to amend the caption to add Nazareth Haysbert as a party on the grounds that he does not have standing and was not counsel of record in the underlying action. Mr. Haysbert was counsel of record in a previously dismissed action but when this action was refiled, he was not counsel of record and did not participate. Joann Haysbert was represented by new counsel who had entered an appearance and took this case to trial.

### II. Facts.

Joann Haysbert filed civil action CL20-1427 in the Circuit Court for the City of Hampton in July 2020. Ms. Haysbert was represented by Nazareth Haysbert, a California attorney who

ultimately was granted leave to participate in the case by a motion pro hac vice. The matter was removed to federal court. On January 11, 2024 the Court granted the Plaintiff's motion for voluntary dismissal of civil action 4:20-cv-21. The dismissal was without prejudice subject to conditions. The Court specifically held "Plaintiff may appeal from this dismissal order by forwarding a written notice of appeal to the Clerk of the United States District Court, the United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510." The plaintiff did not appeal. On June 11, 2024, Joann Haysbert filed case 4:24-cv-87, naming Outback Steakhouse of Florida, LLC and Bloomin Brands, Inc. Dr. Haysbert submitted that complaint pro se indicating that Attorney Mary T. Morgan had assisted her in the filing of the complaint and demand for jury trial. Ultimately, Attorney Morgan entered a full appearance in the case and was trial counsel. The case went to trial and on February 28, 2025, the jury returned a verdict in favor of the Defendants. This appeal followed.

In the notice of appeal filed pro se by Ms. Haysbert without counsel, Nazareth Haysbert identified himself as "an interested party for appeal." The case now comes before the Court on the request of new counsel for purposes of the appeal to permit Nazareth Haysbert to pursue an appeal as an "interested party."

No motion to intervene has been filed by Mr. Haysbert. Mr. Haysbert never appealed the decision to revoke his pro hac vice status in the previous litigation or the order granting the mistrial. The Defendant objects to the notice of appeal, objects to the request to permit Nazareth Haysbert to appeal and submits that he has no standing to be added to this matter as an interested party, as he was not in any way a party to this trial.

### III. Discussion of the Law.

Counsel argues that Mr. Haysbert served as trial counsel for Dr. Haysbert in the proceedings below. However, the proceedings in which Mr. Haysbert served as trial counsel were a previously dismissed cause of action, which was voluntarily dismissed by Dr. Haysbert. Mr. Haysbert did not file any motion in the refiled action to permit him to serve as counsel. That issue was never addressed by motion or pleading to the Court in this case, which is now on appeal.

Likewise, in the previous case that was voluntarily dismissed upon dismissal, Mr. Haysbert did not file an appeal of the revocation of his pro hac vice status. An order granting a motion to voluntarily dismiss a complaint under Rule 41(a)(2) qualifies as a final judgment for purposes of appeal. *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1231 (11th Cir. 2020). Although the dismissal order contemplated that appellant might eventually refile, the District Court clearly terminated its jurisdiction over the original suit by dismissing it. This was enough to render the dismissal order and the prior interlocutory issues appealable, hence the District Court's articulation in the dismissal order that "Plaintiff may appeal from this Dismissal Order." *See Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 (7th Cir. 1985). The time for Mr. Haysbert to appeal the voluntary dismissal order in the original case has long past, so he has waived his opportunity to appeal the decision of the District Court to revoke his pro hac vice status.

In the refiled case, he did not file an application to proceed pro hac vice and never made a specific request to proceed pro hac vice in this case.

The argument of counsel that Mr. Haysbert served as trial counsel in the "proceedings below" misstates the record.

Mr. Haysbert has no standing to participate in the appeal and has waived his right to participate in the appeal or to challenge the decision of the District Court to revoke his pro hac

vice in the original action. Likewise, as he did not file a motion for pro hac vice in this case, which was then denied or ruled upon by the Court there is no issue before this Court from the underlying action, which was tried to a verdict resulting in a defense verdict for this Court to address. Simply stated, Mr. Haysbert did not preserve any challenge in the first case to the rulings of the Court. Upon refiling the case with new counsel, he did not attempt to enter an appearance pro hac vice and the Court never was called upon to rule on a motion to permit him to participate pro hac vice.

Mr. Haysbert cites no case law for the argument that he can challenge this ruling in a second or subsequent case. The authority cited by counsel relates to pursuing an appeal of a revocation of a pro hac vice order, which Plaintiff never did in the original litigation, never then sought leave of court to enter an appearance pro hac vice in the new case and has no standing to participate in this proceeding as an interested party. Accordingly, the Court should deny the Appellant's motion to "correct the caption," as there is no basis for Mr. Haysbert to participate in this proceeding.

WHEREFORE, the Appellee, Outback Steakhouse of Florida, LLC, moves this Court for entry of an order denying Appellant's Motion to Correct the Caption and ruling that Nazareth Haysbert does not have standing to participate in this appeal.

                                                                       OUTBACK STEAKHOUSE
                                                                        OF FLORIDA, LLC
                                                                        By Counsel

McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:   (703) 385-1000
Facsimile:    (703) 385-1555

   */s/ John D. McGavin*
John D. McGavin (VSB 21794)
William W. Miller (VSB 97125)
jmcgavin@mbbtklaw.com
wmiller@mbbtklaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on 12th day of May, 2025, a true and accurate copy of the foregoing was sent via the CM/ECF system and served upon:

        Judah J. Ariel, Esq.
        Ariel Law
        751 Fairmont Street, NW #3
        Washington, D.C. 20001
        judah@ariel-law.com
        Counsel for Appellant

                                      */s/ John D. McGavin*
                                      John D. McGavin (VSB 21794)