# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____
)
**JOANN HAYSBERT** )
)
    *Plaintiff-Appellant,* )
) Case No. 25-1332
    v. )
)
**OUTBACK STEAKHOUSE** )
**OF FLORIDA, LLC** )
)
    *Defendant-Appellee* )
and )
)
**BLOOMIN' BRANDS, INC.** **)**
**)**
    *Defendant* )
_____ )

## CONSENT MOTION TO EXTEND THE BRIEFING SCHEDULE

Appellant JoAnn Wright Haysbert hereby moves for a 30-day extension of the briefing schedule in the above-captioned appeal.

Pursuant to the briefing schedule contained in the Court's order of May 19, 2025, Dkt. 22, Appellant's opening brief and the joint appendix are currently due on June 24, 2025, Appellee's response brief is due July 24, 2025, and any reply brief is due 21 days from service of the response brief.

On June 5, 20205, Appellant filed a motion to supplement the record with the district court. *See* Plaintiff's Motion to Correct, Modify, or Supplement the Record

on Appeal, *Haysbert v. Outback Steakhouse of Fla., LLC*, No. 4:24-cv-00087, ECF. No. 77, a true and correct copy of which is attached hereto as Exhibit A. On June 9, 2025, Proposed Intervenor Nazareth M. Haysbert filed a motion for leave to intervene in this appeal as an appellant. Dkt. 28.

The purpose of the relief requested herein is to provide time for this Court and the district court to decide these pending motions before Appellant is required to file her opening brief, as the disposition of these motions will significantly affect the content of Appellant's brief and the joint appendix.

Pursuant to Local Rule 27(a), the undersigned informed counsel for Appellee Outback Steakhouse of Florida, LLC of the intended filing of this motion, who stated that Appellee consents to the granting of this motion.

DATED: June 20, 2025              Respectfully submitted,

                                                     /s/ Judah J. Ariel
                                                     Judah J. Ariel
                                                     ARIEL LAW
                                                     751 Fairmont St. NW #3
                                                     Washington, DC 20001
                                                     (202) 681-3032

                                                     *Counsel for Plaintiff-Appellant*
                                                     *JoAnn Wright Haysbert*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

|  |  |
|---|---|
| JOANN WRIGHT HAYSBERT, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Case No. 4:24-cv-00087 |
| | ) |
| v. | ) |
| | ) |
| OUTBACK STEAKHOUSE OF | ) |
| FLORIDA, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

PLAINTIFF'S MOTION TO
CORRECT, MODIFY, OR SUPPLEMENT THE RECORD ON APPEAL
AND MEMORANDUM OF POINTS AND ATHORITIES IN SUPPORT THEREOF

Plaintiff JoAnn Haysbert hereby moves pursuant to Federal Rule of Appellate Procedure 10(e)(1) and (2)(b) and Fourth Circuit Local Rule 10(d) to correct, modify, or supplement the record on appeal of the above-captioned case with the record from *Haysbert v. Bloomin' Brands, Inc. et al.*, Civil Action No. 4:20-cv-121 [hereinafter, "*Haysbert I*"].[1]

As explained further in the Memorandum of Points and Authorities, inclusion of these materials in the record on appeal is appropriate so as to permit the Court of Appeals to review the district court's decisions "on the same record as that before the district court." *Schatz v. Rosenberg*, 943 F.2d 485, 487 n.1 (4th Cir. 1991).[2]

---

[1] By referring to "the record" from *Haysbert I*, Plaintiff means the items described in Federal Rule of Appellate Procedure 10(a)(1)-(3).

[2] Counsel for Defendant has agreed to supplementation of the record with (i) the *Haysbert I* docket report and (ii) *Haysbert I*, ECF Nos. 126, 168, 294, 315, 320, 349, 350, 351, 352, 357, 361, 362, and 379, including any exhibits or attachments thereto. A joint stipulation to that effect is

RECEIVED
2025 JUN -5 P 2:22

Pursuant to Federal Rule of Civil Procedure 78, Plaintiff requests that the Court decide this motion on the briefs.

---

expected to be filed with the Fourth Circuit shortly. *See* Declaration of Judah J. Ariel ("Ariel Decl.") ¶ 2.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO CORRECT, MODIFY, OR SUPPLEMENT THE RECORD ON APPEAL

### PROCEDURAL HISTORY

On June 29, 2020, Dr. Haysbert filed an action for negligence in Virginia state court against Defendants Outback Steakhouse of Florida, LLC and Bloomin' Brands, Inc., arising out of a slip-and-fall at an Outback Steakhouse restaurant in Chesapeake, Virginia in which Dr. Haysbert allegedly suffered a traumatic brain injury. *See Haysbert I*, ECF No. 1-1. On July 31, 2020, Defendants removed the case to the Eastern District of Virginia. *Haysbert I*, ECF No. 1.

Following a mistrial, on December 18, 2023, Dr. Haysbert filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) or for a six month continuance. *Haysbert I*, ECF No. 349. On January 1, 2024, the Court granted Dr. Haysbert's motion in part, dismissing the case without prejudice subject to certain conditions, including that "[i]f the case is refiled, all existing pretrial determinations will be maintained. In other words, if the case is refiled, it will be procedurally in the same position as the instant case." *Haysbert I*, ECF No. 357 at 1-2; *see also Haysbert I*, ECF No. 365 (clarifying and reconsidering the conditions).

On June 11, 2024, Dr. Haysbert recommenced the action. *See Haysbert v. Outback Steakhouse of Fla., LLC*, No. 4:24-cv-00087 (E.D. Va.) [hereinafter, "*Haysbert II*"], ECF No. 1.[3] A jury trial began on February 25, 2025, *see* ECF. No. 58, resulting in a verdict for Defendant Outback Steakhouse of Florida, *see* ECF No. 65.

Dr. Haysbert appealed, *see* ECF No. 73, and the appeal is currently pending before the United States Court of Appeals for the Fourth Circuit.

---

[3] ECF citations that follow without a case designation are from this case, *Haysbert II*.

3

## ARGUMENT

I. THE RECORD MAY BE CORRECTED, MODIFIED, OR SUPPLEMENTED WITH MATERIALS THAT WERE BEFORE THE DISTRICT COURT

Federal Rule of Appellate Procedure 10(a) defines the record on appeal as "the original papers and exhibits filed in the district court; the transcript of proceedings, if any; and a certified copy of the docket entries prepared by the district clerk." Under Federal Rule of Appellate Procedure 10(e), the district court may correct or modify the record if (1) "any difference arises about whether the record truly discloses what occurred in the district court"; or (2) "if anything material to either party is omitted from or misstated in the record by error or accident." *See* Fed. R. App. P. 10(e)(1)-(2); *Himler v. Comprehensive Care Corp.*, 790 F.Supp.114, 115 (E.D. Va. 1992); *see also* 4th Cir. Loc. R. 10(d) ("Disputes concerning the accuracy of the composition of the record on appeal should be resolved in the trial court in the first instance"). Fourth Circuit Local Rule 10(d) further provides that "the record may be supplemented by the parties by stipulation or by order of the district court at any time during the appellate process."

As the Fourth Circuit and other circuit courts of appeals have recognized, the record may properly be supplemented or corrected to include materials that were before the district court, yet for some reason not made a part of the record on appeal. *See, e.g., Feminist Majority Foundation v. Hurley*, 911 F. 3d 674, 697 & n.11 (4th Cir. 2018) (noting that "either party could have sought to correct or modify the record on appeal to include" a letter that the district court had obtained from the internet and considered in granting a motion to dismiss); *Castner v. Colorado Springs Cablevision*, 979 F. 2d 1417, 1423 (10th Cir. 1992) ("Cablevision's motion to supplement the record is granted insofar as it relates to documents that were before the district court, and denied as to those documents that were not presented to the district court."); *Ross v. Kemp*, 785 F.2d 1467,

1471-72 (11th Cir. 1986) (supplementing the record with a deposition that was relied upon by the parties but inadvertently not filed in the district court); *McDaniel v. Travelers Ins. Co.*, 494 F. 2d 1189, 1190 (5th Cir. 1974) (per curiam) (same); *Davis v. Musler*, 713 F.2d 907, 911-12 (2d Cir. 1983) (affirming a decision to supplement the record with materials that had been provided to the district court judge but not formally filed).

Indeed, the decisions of both the Fourth Circuit and this Court have regularly turned on whether the materials as to which supplementation was sought had been considered by the district court. *See, e.g., Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.2d 970, 973 n.8 (4th Cir. 1990) ("we decline to consider the letter as well as the other documents not considered by the district court"); *Schatz*, 943 F.2d at 487 n.1 (denying a motion to supplement the record with a deposition not considered by the district court); *Thomas v. Lodge No. 2461*, 348 F.Supp.2d 708, 710 (E.D. Va. 2004) ("Our Court also has made clear that 'the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.'") (quoting *In re Robbins Maritime, Inc.*, 162 F.R.D. 502, 504 (E.D. Va. 1995)); *Amr v. Va. State Univ.*, No. 3:07-cv-628, 2009 WL 1208203, at *2 (E.D. Va. May 4, 2009).

In focusing on whether the materials at issue were before the district court, these decisions reflect the principle that the court of appeals "must review the district judge's decision on the same record as that before the district court." *Schatz*, 943 F.2d at 487 n.1; *cf. In re Robbins Maritime*, 162 F.R.D. at 504 (denying motion to supplement because the "record of what occurred before [the district] court is . . . more accurate without the inclusion").

5

## II. THE MATERIALS PROPOSED TO BE INCLUDED IN THE RECORD WERE CONSIDERED BY THE DISTRICT COURT

In this motion, Plaintiff seeks to supplement[4] the record on appeal because the record from *Haysbert I* was considered by the Court during the course of *Haysbert II*. Therefore, supplementation is necessary in order to permit the Court of Appeals to "review the district judge's decision on the same record as that before the district court," *Schatz*, 943 F.2d at 487 n.1.

In granting Plaintiff's motion to voluntarily dismiss *Haysbert I*, the Court imposed a condition that "[i]f the case is refiled, all existing pretrial determinations will be maintained" and "it will be procedurally in the same position as the instant case." *See Haysbert I*, ECF No. 357 at 2. As explained below, this condition on the voluntary dismissal of *Haysbert I* effectively required the Court in *Haysbert II* to treat the filings, orders, and other proceedings in *Haysbert I* as if they had been made or occurred in the refiled case. *Cf. LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 687 (7th Cir. 1998) (finding that a similar condition on a voluntarily dismissed case "essentially required the court and the parties to treat all pretrial orders of LeBlang I as if they had been entered in LeBlang II").

In *Haysbert II*, the parties and the Court regularly raised, addressed, and made arguments on the basis of matters that occurred or were decided in *Haysbert I*. To give just a few examples:

- In its first scheduling order in *Haysbert II*, the Court stated that "[t]his Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter," ECF No. 22 at 1, referring to orders issued in "the previous iteration of this case," *i.e.*, *Haysbert I*. *See id.; see also id.* at 2-4 (stating that "[t]he parties previously

---

[4] References to supplementing the record should be understood to include correcting or modifying the record, unless the context indicates otherwise.

6

filed numerous versions of proposed jury instructions" (citing *Haysbert I*, ECF Nos. 238-39, 249-52, 278-79, 281-82); retaining the proposed *voir dire*, factual stipulations, exhibit lists, and witness lists from *Haysbert I* (citing *Haysbert I*, ECF Nos. 236, 243, 248, 273, 280); and referring to the trial briefs and motions *in limine* that had been filed in *Haysbert I* (citing *Haysbert I*, ECF Nos. 195-96, 219-20, 290, 294, 298, 300-02, 351)).

- Defendants' motions *in limine* cited to their motions *in limine* in *Haysbert I, see* ECF No. 32 at 1-7 (citing *Haysbert I*, ECF Nos. 351-52), as well as to various motions, briefs, exhibits, and transcripts from *Haysbert I, see id.* (citing *Haysbert I*, ECF Nos. 196 (trial brief re: testimony by treating physicians), 243 (Final Pretrial Order), 273 (order following the Supplemental Final Pretrial Conference), 286 (Final Pretrial Conf. Tr.), 294 (trial brief as to admissibility of Dr. Filler), 298 (motion for mistrial), 301 (trial brief re: subsequent remedial measures), 315 (opinion granting Defendants' motions to quash, revoke Nazareth Haysbert's *pro hac vice* status, and for a mistrial), 319 (Trial Tr. Day 3), 320 (Trial Tr. Day 4), 321 (Trial Tr. Day 5)); *see also* ECF No. 33 (Defendants' memorandum in support of their motions *in limine*) at 2-4, 6-8 11-14 (citing *Haysbert I*, ECF Nos. 57 (minute entry for March 31, 2021 hearing before magistrate judge), 61 (3/31/2021 Hr'g Tr.), 273, 294, 300 (trial brief as to the admissibility of work orders), 301, 315, 318 (Trial Tr. Day 2), 319, 320, 351-52; ECF Nos. 33-1 to -4 (attaching an exhibit, Plaintiff's expert disclosure, and two deposition excerpts from *Haysbert I* to Defendant's memorandum).

- Defendant's objections to the "[s]upplemental [e]xpert disclosures" of Dr. Filler and Brad Avrit referred to various orders, motions, briefs, disclosures, and declarations from *Haysbert I*. *See* ECF No. 36-1 at 1-2, 10-12 (citing *Haysbert I*, ECF Nos. 168 (order denying extension of time to complete discovery), 294 (trial brief as to admissibility of Dr. Filler), 350 (motion for voluntary dismissal), 351-52 (Defendants' motions *in limine*), 356 (minute entry for hearing on motion for voluntary dismissal), 355 (opposition to motion for voluntary dismissal), 357 (order on voluntary dismissal), 361-62 (motion for clarification and reconsideration of order on voluntary dismissal and memorandum in support thereof), 363 (affidavit of Nazareth Haysbert re: compliance with the order revoking his *pro hac vice* status); Plaintiff's expert disclosures in *Haysbert I*).

- Defendant repeatedly raised issues concerning Nazareth Haysbert and the revocation of his *pro hac vice* status during the course of the proceedings in *Haysbert II*, *see, e.g.*, ECF Nos. 32 at 1 (citing *Haysbert I*, ECF No. 298 (motion for a mistrial)), 36-1 at 10 (citing *Haysbert I*, ECF No. 363 (affidavit of Nazareth Haysbert)); 39 at 21:20-22, 68:15-69:16 (discussing the order revoking Mr. Haysbert's *pro hac vice* status, the limitations it imposes, and compliance therewith); 45 at 2-4 (alleging non-compliance with the revocation order, and referring to Mr. Haysbert's "misconduct" during *Haysbert I* and the motion for sanctions against him), eventually leading the Court to interpret the limitations imposed by the revocation order, *see* ECF No. 39 at 65:21-67:10. 74:20-75:11, 76:1-12. Recognizing that "this may be an issue at trial," the Court invited the parties to submit briefs on the matter, *see id.* at 75:14-24, 76:14-15.

Plaintiff did so in the form of a motion to clarify or rescind the Court's interpretive comments, *see* ECF No. 40 (citing *Haysbert I*, ECF Nos. 13-14, 21, 27, 315), which the Court granted in part, electing to clarify its interpretation of the revocation order, but not rescind it, *see* ECF No. 50 (citing *Haysbert I*, ECF Nos. 13, 315, 321, 367, 379).

As the above examples demonstrate, the parties, as well as the Court itself, treated the entirety of the proceedings in *Haysbert I* as if they were part of the record before the Court in *Haysbert II*.[5]

This is confirmed by the Court's *sua sponte* August 28, 2024 order to show cause, ECF No. 14, in response to Defendant Bloomin' Brands' July 24, 2024 motion to dismiss the cause of action against it on the grounds that it was "not responsible for any act or omission at the subject location." *See* ECF No. 7. In its order, the Court stated that:

> One of the[] conditions [in the order granting Plaintiff's motion for voluntary dismissal] specified that if the case was refiled, "all existing pretrial determinations will be maintained. In other words, if the case is refiled, it will be procedurally in the same position as the instant case." Defendant Bloomin' Brands, Inc. was not dismissed from the original case prior to Plaintiff's voluntary dismissal and its Motion to Dismiss, if granted, would place the case in a different procedural posture than the previous case. Thus, Defendant is ORDERED to SHOW CAUSE as to why its Motion to Dismiss, should not be struck.

ECF No. 14 at 1-2 (footnotes and citations omitted). The Court further noted that "Defendant Bloomin' Brands, Inc. never moved to be dismissed from the original case, even though the Complaint in the instant case is substantially the same as the one previously filed." *Id.* (citing *Haysbert I*, ECF No. 1-1).

---

[5] For example, none of the parties requested the Court to take judicial notice of the proceedings in *Haysbert I*, nor did the Court ever state that it had done so. Rather, the practice of the parties and the Court was simply to cite to the record from *Haysbert I* by ECF number in the same manner that they would cite to the record from *Haysbert II*.

9

The Court's statements that "Defendant Bloomin' Brands, Inc. was not dismissed from the original case prior to Plaintiff's voluntary dismissal" and "Defendant Bloomin' Brands, Inc. never moved to be dismissed from the original case" were based on the Court's own review of the record from *Haysbert I*, indicating that the Court had before it, and would, on its own accord, consider the whole of the *Haysbert I* record in the course of overseeing the proceedings in *Haysbert II*.[6]

Accordingly, inclusion of the record from *Haysbert I* in the record on appeal is necessary to "truly disclose[] what occurred in the district court, Fed. R. App. P. 10(e)(1) and permit the Court of Appeals to "review the district judge's decision on the same record as that before the district court," *Schatz*, 943 F.2d at 487 n.1.

Without supplementing the record on appeal with the record of *Haysbert I*, it will be impossible for the Court of Appeals to understand what occurred in the district court or for Plaintiff to explain why she believes that the district court erred. Moreover, absent supplementation of the record, Plaintiff's appellate briefs will not be able to discuss the materials relied upon by this Court, thus limiting the arguments available to Plaintiff and her ability to demonstrate error and prejudice. *See* Ariel Decl., ¶¶ 3-5

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion and correct, modify, or supplement the record on appeal to include the record from *Haysbert I*.

---

[6] The same is true with respect to the preparation of the Final Pretrial Order. *See* ECF No. 41 at 2 ("The Court has included various previous [*i.e.*, from *Haysbert I*] rulings and notes that were not included in the parties' submission to make the final pretrial order consistent with the current standing of the case.").

DATED: June 5, 2025                    Respectfully submitted,

*/s/ JoAnn W. Haysbert*
JOANN WRIGHT HAYSBERT
244 William R. Harvey Way
Hampton, VA 23669
(757) 913-9114

## DECLARATION OF JUDAH J. ARIEL

I, Judah J. Ariel, declare as follows:

1. I am an attorney licensed in the District of Columbia and admitted to practice before the U.S. Court of Appeals for the Fourth Circuit. I am appellate counsel for Plaintiff JoAnn Wright Haysbert in *Haysbert v. Outback Steakhouse of Florida, LLC*, No. 25-1332. I am submitting this declaration in support of Plaintiff's Motion to Correct, Modify, or Supplement the Record on Appeal. I have personal knowledge of the matters contained herein, and if called as a witness to testify, I could and would do so competently.

2. Counsel for Defendant Outback Steakhouse of Florida, LLC has informed me that Defendant agrees to supplement the record on appeal with the (i) the *Haysbert I* docket report and (ii) Haysbert I, ECF Nos. 126, 168, 294, 315, 320, 349, 350, 351, 352, 357, 361, 362, and 379, including any exhibits or attachments thereto. A joint stipulation to that effect is expected to be filed with the Fourth Circuit tomorrow (June 5, 2025) or shortly thereafter.

3. The record from *Haysbert I* is material to Plaintiff's arguments on appeal, where her opening brief is due to be filed by June 24, 2025. Without supplementing the record on appeal with the record of *Haysbert I*, it will be impossible for the Court of Appeals to understand what occurred in the district court or for Plaintiff to explain why she believes that the district court erred.

4. For example, Plaintiff intends to argue on appeal that the Court erred in excluding the testimony of Dr. Aaron Filler. In selecting the particular sanction to apply for what the Court found to be a failure to timely supplement, *see* ECF No. 39 at 70:14-15, the Court relied on "a string of previous issues concerning discovery" in *Haysbert I*. *See* ECF No. 52 at 5-6 (citing *Haysbert I*, ECF Nos. 168, 315, 379). Unless the Court permits the record to be supplemented,

Plaintiff will not be able in her appellate briefs to discuss the items relied upon by the Court, thus limiting the arguments she can make. Similarly, without the ability to discuss Dr. Filler's testimony in the August 2023 trial, Plaintiff will be unable to demonstrate prejudice as a result of his exclusion.

5. Plaintiff also intends to address Defendant's objection that none of the orders from *Haysbert I* concerning Plaintiff's former counsel, Nazareth Haysbert, are properly before the Fourth Circuit in Plaintiff's appeal. Given the early stage of the appeal, Plaintiff has yet to set out her argument to the contrary. While there is legal authority to support Plaintiff's position, supplementation of the record with the record from *Haysbert I* is necessary for Plaintiff to be able to explain the relevant facts, such as the content of and context for the repeated references in the *Haysbert II* record to the proceedings in *Haysbert I* concerning Mr. Haysbert. Declining to supplement the record would hamper Plaintiff's ability to address issues of appealability and jurisdiction (as well as her substantive claims of error) at the Fourth Circuit by withholding from her the materials necessary to understand the relationship between the proceedings in *Haysbert I* and *Haysbert II*.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, District of Columbia on June 4, 2025.

_____
Judah J. Ariel

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOANN WRIGHT HAYSBERT, | ) |
| Plaintiff, | ) Case No. 4:24-cv-00087 |
| v. | ) |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | ) |
| Defendant. | ) |

### LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that the following attorney prepared or assisted me in preparation of Plaintiff's Motion to Correct, Modify, or Supplement the Record on Appeal and Memorandum of Points and Authorities in Support Thereof:

Judah J. Ariel
ARIEL LAW
751 Fairmont St. NW #3
Washington, DC 20001
(202) 495-1552

Executed on June 5, 2025.

_JoAnn W. Haysbert_
JOANN WRIGHT HAYSBERT

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Motion to Correct, Modify, or Supplement the Record on Appeal and Memorandum of Points and Authorities in Support Thereof, Declaration of Judah J. Ariel, and Local Rule 83.1(M) Certification to be sent by first-class mail, postage pre-paid, on the 4th day of June, 2025, upon:

John McGavin
Emily Blake
William Miller
MCGAVIN, BOYCE, BARDOT, THORSEN & KATZ, P.C.
1990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030

*Counsel for Defendant Outback Steakhouse of Florida, LLC*

_____
Judah J. Ariel