# UNITED STATES COURT OF APPEALS FOR THE
# FOURTH CIRCUIT

_____

| | | |
|---|---|---|
| **JOANN HAYSBERT** | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No.: 25-1332 |
| v. | ) | |
| | ) | |
| **OUTBACK STEAKHOUSE** | ) | |
| **OF FLORIDA, LLC** | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

## MOTION TO CORRECT THE RECORD ON APPEAL

COMES NOW, Defendant-Appellee, Outback Steakhouse of Florida, LLC, by counsel, pursuant to Federal Rule of Appellate Procedure 10(e)(2)(C) and Local Rule 10(d), and states the following:

1. As part of the issues raised on appeal, Plaintiff-Appellant asks this Court to reverse the district court's decision striking Plaintiff's expert, Dr. Aaron Filler, in part, for failing to timely disclose Dr. Filler's new report dated January 3, 2024. *See* Doc. 38, Appellant's Opening Br. p. 8.

2. In her arguments in support of the above, Plaintiff argued, in part, that Plaintiff's disclosure of Dr. Filler's new report was timely because Dr. Filler switched from a retained physician to a treating physician and treating physicians are exempt from providing written reports. *See* Doc. 38, Appellant's Opening Br.

1

pp. 21-22. Plaintiff further argued that "the district court erred in concluding that the [new report] was a supplemental expert report. Rather, because the opinions contained in the NPE were formed in the course of treating Plaintiff, there was no obligation under Rule 26(e) to supplement Dr. Filler's initial expert report, and no basis to sanction Plaintiff for untimely supplementation." *See* Doc. 38, Appellant's Opening Br. p. 23.

3. Defendant-Appellee responded to these arguments on brief, see Doc. 45, Br. of Appellee pp. 15-17 (explaining regardless of how you categorize the document, it was responsive to discovery requests and should have been timely provided), however, in preparation for this oral argument, counsel for Defendant-Appellee recalled that in addition to submitting Dr. Filler's new report to the district court on January 10, 2025, Plaintiff also submitted a supplemental expert designation. *See* Exhibit A (Jan. 10, 2025 email from Plaintiff's counsel to law clerk for Judge Hanes).

4. This document shows that when Plaintiff first advised the district court that Dr. Filler had a new report, Plaintiff continued to represent that Dr. Filler was a retained expert. *See* Exhibit B (Pl's Supp. Expert Designation and Supp. Resp. to Defs.' Discovery).

5. Thus, these documents provide context in what was provided to the district court when the district court 'concluded' that the new report was a 'supplemental report.'

6. The parties already jointly agreed to correct the record on appeal to add Dr. Filler's January 3, 2024 report to the record. *See* Doc. 24; *see also* JA0796-802.

7. Plaintiff's initial expert designation was made part of this Court's record as well. *See* JA0060-64

8. The supplemental designation was a document that was also provided to the district court, it simply was not filed and never made it into the record.

9. Thus, this document is not 'new evidence' and it is proper to seek to have the record corrected to add for this Court's consideration. *See, e.g.*, *Feminist Majority Foundation v. Hurley*, 911 F. 3d 674, 697 & n.11 (4th Cir. 2018) (noting that "either party could have sought to correct or modify the record on appeal to include" a letter that the district court had obtained from the internet and considered in granting a motion to dismiss); *Castner v. Colorado Springs Cablevision*, 979 F. 2d 1417, 1423 (10th Cir. 1992) ("Cablevision's motion to supplement the record is granted insofar as it relates to documents that were before the district court, and denied as to those documents that were not presented to the district court."); *Ross v. Kemp*, 785 F.2d 1467, 1471-72 (11th Cir. 1986) (supplementing the record with a deposition that was relied upon by the parties but inadvertently not filed in the

district court); *McDaniel v. Travelers Ins. Co.*, 494 F. 2d 1189, 1190 (5th Cir. 1974) (per curiam) (same); *Davis v. Musler*, 713 F.2d 907, 911-12 (2d Cir. 1983) (affirming a decision to supplement the record with materials that had been provided to the district court judge but not formally filed).

10. Counsel for Defendant-Appellee contacted counsel for Plaintiff-Appellant via e-mail on May 4, 2026 to request Plaintiff's consent for this motion.

11. It was discovered on May 6, 2026 that counsel for Plaintiff-Appellant did not receive the May 4, 2026 email, possibly because the attachments were too large.

12. Counsel for Plaintiff-Appellant advised on May 6, 2026 that Plaintiff would not consent to this motion.

13. Undersigned recognizes that oral argument is currently set for this Friday, May 8, 2026. However, counsel for Defendant-Appellee only recalled that Plaintiff had e-mailed a supplemental designation in the district court on May 4, 2026 and immediately contacted counsel for Plaintiff-Appellant for consent.

**14.** Therefore, pursuant to Federal Rule of Appellate Procedure 10(e)(2)(C) and Local Rule 10(d), Defendant-Appellee, Outback Steakhouse of Florida, LLC, by counsel, respectfully requests that Exhibit B, Plaintiff's supplemental expert designation, be made a part of the record for appeal.

Dated: May 6, 2026                    Respectfully submitted,

    /s/ *Emily K. Blake*
John D. McGavin (VSB 21794)
Emily K. Blake (VSB 90562)
William W. Miller (VSB 97125)
McGAVIN, BOYCE, BARDOT,
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, VA 22030
Telephone:  (703) 385-1000
Facsimile:   (703) 385-1555
jmcgavin@mbbtklaw.com
eblake@mbbtklaw.com
wmiller@mbbtklaw.com
*Counsel for Defendant-Appellee*